```
            UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

**NORMAN SMITH**                                                **PLAINTIFF**

**V.**                                                **5:11-cv-122-DCB-JMR**

**SONIC DRIVE-IN, VICKSBURG, HALLS FERRY**
**ROAD, LLC, ET AL.**                                           **DEFENDANT**

### OPINION AND ORDER

This cause comes before the Court on Defendant's Motion to Dismiss for Lack of Prosecution [**docket entry no. 22**]. The Plaintiff, who has elected to proceed pro se in this matter, has filed no response. Nevertheless, the Court, having considered the Defendant's Motion, finds it without merit and declines to dismiss the case for want of prosecution.

The record indicates that Plaintiff Norman Smith has had trouble retaining counsel in the present case, and as a result, has not strictly complied with the Court's deadlines. On January 13, 2012, Smith's first attorney moved to withdraw because of irreconcilable differences. Chief Magistrate Judge Roper granted the Motion to Withdraw on February 29, 2012 and gave Smith thirty days to find new counsel. See Order, docket entry no. 18. The Order indicated that Smith's failure to comply could result in dismissal of the case. Id. On the last day of the thirty-day period, Smith informed the Court that he had found a new attorney, but this information proved incorrect. See Mar. 29, 2012 Letter, docket entry no. 21 (stating that Smith was in the process of hiring

Angela Williams); Mar. 29 2012 Staff Note (indicating that attorney Angela Williams called the Court to state that she was not representing Smith). Ten days after Smith failed to comply the Court-appointed deadline, Sonic, seemingly prompted by the Court's suggestion that the case may be dismissed, filed its present Motion to Dismiss for lack of prosecution.

It should be apparent to Sonic that the fact that Smith began actively prosecuting his case pro se not long after the Motion was filed significantly undercuts its failure-to-prosecute argument. In the Motion, Sonic argues–as it must–that Smith's failure to comply with the Court's February 29, 2012 Order constituted contumacious conduct. But the evidence indicates that Smith at least tried to retain another attorney before the deadline. A good-faith, but frustrated attempt to meet a deadline falls far short of the sort of willful and contumacious conduct that would warrant the harsh sanction of dismissal. McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988). Moreover, Sonic has suffered no prejudice from having to endure what amounts to, at most, a relatively small delay.[1] See id. The Court does not condone the behavior of the Plaintiff, who, regardless of his pro se status, is advised to timely comply with the Court's orders, but finds that dismissal is not proper here.

---

[1] It is not clear from the Court's docket when Smith declared his intention to proceed pro se, but it could not have been more than a month after Sonic moved to dismiss. Smith filed his own Motion for Extension of Time to Complete Discovery approximately a month after Sonic filed its Motion to Dismiss. Docket entry no. 26.

Because Sonic only asks for dismissal, the Court will not consider whether other sanctions are appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss for Lack of Prosecution [**docket entry no. 22**] is **DENIED**.

So **ORDERED,** this the 13th day of August, 2012.

    /s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**