**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

| | |
|---|---|
| **NORMAN SMITH,** <br><br> Plaintiff, <br><br> **VERSUS** <br><br> **SONIC DRIVE-IN, VICKSBURG, HALLS FERRY ROAD, LLC, et al.** <br><br> Defendants. | **CIVIL ACTION NO. 5:11-cv-122** |

## ORDER

WHEREAS, Plaintiff, having asserted certain claims against Sonic Drive-In, Vicksburg, Halls Ferry Road, LLC; Sonic Drive-In, Vicksburg, MS, LLC; Sonic Drive-In, Greenwood, Mississippi, Inc.; and Sonic Drive-In, Meridian MS #2, LLC, hereinafter ("Company") and the aforementioned parties having voluntarily agreed to compromise all claims between them, the Court hereby enters an Order enforcing the settlement in accordance with the terms thereof which are set forth herein:

**I.     SETTLEMENT CONSIDERATION; RELEASE OF CLAIMS IN CIVIL ACTION NO. 2:11-CV-122; DISMISSAL OF LAWSUIT.**

The Company will pay to Plaintiff in return for his agreements contained herein cash consideration in the gross amount of Ten Thousand Dollars and no cents ($10,000.00). Said payment shall be rendered upon entry and service of this Order by counsel for the Company to Plaintiff's attorney, Michael D. Goggans. Said payment shall be made in the following form.

- $2,500.00 will be paid by check payable to Norman Smith representing back wages from which all applicable withholdings shall be made and for which a W-2 shall be issued;

1

- $7,500.00 will be paid by check payable to the Goggans Law Firm, PLLC for distribution to his client pursuant to their retention agreement, representing general damages from which no withholdings shall be made and for which a 1099 will be issued;

Plaintiff has voluntarily agreed to release and forever discharge the Company and all of its subsidiaries and affiliated companies, officers, agents, employees, successors, assigns, insurers, benefit plans, attorneys and/or any person or entity acting for or on behalf of them, all hereinafter referred to as the "Parties Released," from all claims and causes of action whatsoever whether asserted or which could have been asserted in this action or in any other action by Plaintiff to the date of this Order.

Pursuant to the agreement to compromise, the Court has dismissed the above captioned lawsuit with prejudice.

This Order does not affect any claim based upon events occurring after the date of this order. Nor does it affect any claim by Plaintiff for worker's compensation even if arising from the same facts as this claim and/or involves some or all of the same parties.

I. **CONFIDENTIALITY CLAUSE**

Plaintiff will not disclose to anyone, and shall keep confidential, his settlement and the consideration paid. This confidentiality provision applies to all communications to any person or entity including, without limitation, communications to any present, former or future employee of the Parties Released excepting only the following: 1) Plaintiff's spouse, provided Plaintiff's spouse has agreed to keep such disclosure strictly confidential; 2) professionals engaged to provide Plaintiff advice regarding the taxation of the amounts paid pursuant to this agreement; and 3) professionals engaged to provide legal services to Plaintiff. Plaintiff agrees that if questioned regarding this settlement, the disposition of his claims, or any other information made confidential by this provision, he can only say: "<u>The case is over.</u>"

**II.     DENIAL OF LIABILITY; RELEASES OF CLAIMS**

The payment of the aforesaid sum of money and this consideration is in complete accord and satisfaction of doubtful and disputed claims. The Parties Released do not, in any manner, admit liability to Plaintiff and/or anyone else as a result of any incidents described in or cognizable by the aforementioned suit.

**III.     PAYMENT OF APPLICABLE TAXES**

Plaintiff shall bear responsibility for all liability for state or federal income or Social Security taxes on the amounts paid pursuant to this Settlement Agreement, excepting only withholdings as stated in Paragraph I hereof. Plaintiff will defend, indemnify and hold the Parties Released harmless against any claim made against them as a result of any unpaid state or federal income or Social Security taxes on the amounts paid to Plaintiff pursuant to the Settlement Agreement.

**IV.     CONSULTATION WITH ATTORNEY AND VOLUNTARY AGREEMENT**

Plaintiff was advised to and did consult with his attorney prior to entering into settlement. He entered into settlement voluntarily and of his own free will, after consultation with his attorney, Michael D. Goggans, with full knowledge of the nature and consequences of its terms.

**V.     BINDING EFFECT OF AGREEMENT**

This Agreement is binding on Plaintiff and on his successors, administrators, heirs and assigns and shall inure to the benefit of each of the Parties Released and their successors, administrators, heirs and assigns.

So ORDERED, this   6th    day of       March       , 2013.

                                             s/ David Bramlette    
                                            United States District Judge